| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

UNITED STATES OF AMERICA § 
§
*versus* § CASE NO. 1:10-CR-80(1)
§
HECTOR HUGO TOVAR §

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Hector Hugo Tovar's ("Tovar") Motion to Correct Sentence (#63). Tovar requests the court to enter an order correcting the sentence imposed by Judge Ron Clark in the Eastern District of Texas on May 17, 2012, to the extent that it orders the sentence in this case to run consecutively with the sentence imposed on him by Judge James Knoll Gardner in Eastern District of Pennsylvania on August 11, 2011, in Cause #09-0799(2). Tovar maintains that the consecutive sentence in the case at bar was "inadvertently imposed" and that all the sentences should run concurrently because the transactions in the Eastern District of Pennsylvania case qualified as "relevant conduct" to Tovar's actions in this case either as part of the "same course of conduct" or a "common scheme or plan." The Government filed a response in opposition (#66). Having considered the motion, the Government's response, the record, and the applicable law, the court is of the opinion that the motion is without merit.

I.      Background

On July 21, 2010, a federal grand jury in the Eastern District of Texas returned a four-count Indictment charging Tovar in Count One with Conspiracy to Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 846, beginning on or about December 19, 2008, and continuing thereafter until on or about February 25, 2009; in Count Two with Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a), on or about January 24, 2009;

in Count Three with Interstate Travel in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1952, on or about January 24, 2009; and in Count Four with Possession of an Unregistered Firearm, in violation of 26 U.S.C. § 5861(d), on or about January 26, 2010.  At a bench trial commenced on November 8, 2011, Judge Clark found Tovar guilty of Counts Two, Three, and Four of the Indictment and dismissed Count One on double jeopardy grounds.  On May 17, 2012, Judge Clark sentenced Tovar to a total of 90 months' imprisonment.   Upon the dismissal of the conspiracy count, Tovar faced charges only of possession with intent to distribute marijuana (100 kilograms or more) on or about January 24, 2009 (Count Two), interstate travel in aid of a racketeering activity or about January 24, 2009 (Count Three), and possession of an unregistered firearm (short barrel shotgun) on or about January 26, 2010 (Count Four).  The Judgment states:

> This sentence consists of 90 months on each of Counts 2 and 4, to run concurrently with each other.  Seventy (70) months of the imposed 90 months shall run consecutively to term in #09-0799(2), Eastern District of Pennsylvania and 20 months of the imposed 90 months shall run concurrently with term in #09-0799(2), Eastern District of Pennsylvania.  This term also consists of 60 months as to Count 3, to run concurrently with Counts 2 and 4, but consecutive [sic] to term in #09-0799(2), Eastern District of Pennsylvania.

Tovar's conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit on June 7, 2013.  On August 26, 2015, Judge Clark reduced Tovar's sentence to a total of 70 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2).  The Order granting the sentence reduction states:

> The sentence consists of 70 months on each of Counts 2 and 4, to run concurrently with each other.  54 months of the imposed 70 months shall run consecutive [sic] to term in #09-0799(2), Eastern District of Pennsylvania and 16 months of the imposed 70 months shall run concurrently with term in #09-0799(2), Eastern District of Pennsylvania.  The term also consists of 60 months as to Count 3, to run concurrently with Counts 2 and 4.  54 months of this 60 shall run consecutive [sic] to term in #09-0799(2), Eastern District of Pennsylvania and 6 months of this 60 months shall run concurrent [sic] with term in #09-0799(2), in E.D. Pennsylvania.

In his appeal, Tovar did not raise and the Fifth Circuit did not address whether the events that transpired in the Pennsylvania case constituted relevant conduct with respect to the incidents that occurred in the Texas case or vice versa.  *See United States v. Tovar*, 719 F.3d 376 (5th Cir. 2012), *cert. denied*, 57 U.S. 967 (2013).  The Supreme Court of the United States denied Tovar's petition for a writ of certiorari on October 15, 2013.  Tovar did not seek federal habeas corpus relief.  Tovar's projected release date is June 26, 2025.

On December 16, 2010, a federal grand jury in the Eastern District of Pennsylvania returned a four-count Indictment charging Tovar in Count One with Conspiracy to Distribute 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. § 846, from on or about March 2009 through on or about August 5, 2009; in Counts Two, Three, Four, and Five with Distribution of Cocaine, in violation of 21 U.S.C. § 841(a)(1), in or about March 2009, in or about May 2009, on or about June 20, 2009, to on or about July 6, 2009, and on about July 20, 2009, to on or about July 27, 2009, respectively; and in Count Six with Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1), or about August 5, 2009.  On February 1, 2011, a jury found Tovar guilty of Counts One, Three, Four, and Five of the Indictment and not guilty of Count Six.  Count Two was dismissed pursuant to an unopposed motion by the Government on January 24, 2011.  On August 11, 2011, Judge Gardner sentenced Tovar to 200 months' imprisonment as to each count, to be served concurrently.  Tovar's conviction and sentence were affirmed by the United States Court of Appeals for the Third Circuit on January 14, 2013.  In his appeal, Tovar disputed the district court's finding that 26 kilograms of cocaine involved in certain transactions that occurred in North Carolina subsequent to the Pennsylvania conspiracy constituted relevant conduct to the Pennsylvania case, but the Third Circuit rejected his position.  At no time,

however, did Tovar assert and nor did the Third Circuit address whether the events that transpired in the Texas case constituted relevant conduct with respect to the Pennsylvania case. *See United States v. Tovar-Sanchez*, 510 F. App'x 199 (3d Cir. 2013). Tovar did not file a petition for a writ of certiorari nor did he seek federal habeas corpus relief on his Pennsylvania conviction. On November 5, 2015, Judge Gardner reduced Tovar's sentence to 163 months pursuant to 18 U.S.C. § 3582(c)(2).

In his Motion to Correct Sentence, Tovar requests that the judgment in the case at bar be reformed to read that Counts 2, 3, and 4 are to run concurrently with each other and concurrently with the term in Cause #09-0799(2) Eastern District of Pennsylvania, "essentially reducing his term to time served."

II.     Analysis

   A.     Relevant Conduct

Pursuant to the United States Sentencing Guidelines ("U.S.S.G."), relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1)(A); *see United States v. Barfield,* 941 F.3d 757, 762 (5th Cir. 2019) (citing *United States v. Schorovsky*, 202 F.3d 727, 729 (5th Cir. 2000)), *cert. denied*, 140 S. Ct. 1282 (2020). When applied to "jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy)," the Guidelines provide that relevant conduct includes "all acts and omissions of others that were (i) within the scope of the

jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity." U.S.S.G. § 1B1.3(a)(1)(B) & cmt. n.3(A); *see United States v. MacPherson*, No. 22-50687, 2024 WL 747244, at *1 (5th Cir. Feb. 23, 2024). "In a drug-trafficking case, relevant conduct may include all acts and omissions 'that were part of the same course of conduct or common scheme or plan as the offense of conviction.'" *Barfield*, 941 F.3d at 762 (quoting U.S.S.G. § 1B1.3(a)(2)); *accord MacPherson*, 2024 WL 747244, at *1; *see United States v. Wall*, 180 F.3d 641, 645 (5th Cir. 1999).

As the Fifth Circuit pointed out, "the Texas indictment focused on Tovar's marijuana trafficking," whereas "the Pennsylvania indictment focused on Tovar's cocaine trafficking." *Tovar*, 719 F.3d at 381. Tovar's counsel filed seven objections to the Presentence Investigation Report ("PSR") in the case at bar, asserting in Objection No. 5 that the Pennsylvania conviction "should not count as criminal history because it is relevant conduct in the instant offense" and in Objection No. 7 that "any sentence imposed by this Court should be directed to run concurrent pursuant to § 5G1.3(b) because the undischarged term of imprisonment as a result of the 200 month sentence in the E.D.PA is relevant conduct to the instant offense." As to Objection No. 5, the probation officer, after reciting the U.S.S.G. definitions of relevant conduct, responded:

> [T]he defendant's involvement in the conspiracy to distribute cocaine is not relevant conduct. Although occurring during a similar time frame, there is no evidence to suggest the defendant transported the drugs at the same time, in the same vehicle, or with the same codefendants. The offenses are two distinct and separate events. The probation officer stands by the report as written.

The probation officer also pointed out that if the cocaine conspiracy were deemed relevant conduct, the guideline calculations would be impacted, resulting in a new base offense level of 36 and an advisory guideline sentence of 188-235 months, rather than a base offense level of 28 and

5

an advisory guideline sentence of 87 to 108 months.  As to Objection No. 7, after noting the ramifications of the objection with respect to concurrent sentencing, the probation officer replied, "It is still . . . the probation officer's position that it is *not* relevant conduct," and pointed out that if it were relevant conduct, the base offense level would increase to 36.

At the sentencing hearing held on May 17, 2012, that lasted one hour and fifteen minutes, Judge Clark heard and considered the positions of the parties in great detail.  When Objection No. 5 was raised, Tovar's attorney stated, "after further review and research, I will withdraw the relevant conduct argument on that objection," adding "I don't feel like it's applicable under guideline law."  As to Objection No. 7, Tovar's counsel argued:

> [T]here were two parts to this case really.  There was the drug, controlled substance, marijuana portion; and there was the unregistered firearm.  And it's my argument that the controlled substance marijuana, should be considered to run concurrent because it was similar - - although not relevant conduct but similar plan, course of action, and conduct.  It was marijuana versus the cocaine up in Pennsylvania.  There were slightly different time periods, but there was a lot of overlap in actors and in the plan.  So, I believe the court has the authority to impose a sentence that is partially concurrent - - and partially consecutive; and that would be for the unregistered firearm, which was not a part, not in any way, with the Pennsylvania case.[1]

After concluding that counsel's statement was a sentencing argument rather than an objection to the PSR because the cocaine transactions that occurred in Pennsylvania were not applied as relevant conduct to enhance any of the sentencing calculations in the Texas case, Judge Clark overruled Objection No. 7.

---

[1] Throughout the proceeding, no argument was asserted that the charge related to Tovar's possession of an unregistered firearm stemming from the discovery of a stolen, short-barrel (sawed-off), 12 gauge shotgun in his children's bedroom during a search of his residence in Texas on January 26, 2010, should be deemed relevant conduct to the Pennsylvania conviction.

While not a model of clarity, after an extended discussion with counsel and the probation officer, Judge Clark used his discretion to fashion sentences of 90 and 60 months that were to run concurrently with each other but partially consecutively and partially concurrently with the Pennsylvania sentence of 200 months. This appears to be consistent with U.S.S.G. § 5G1.3(d), which applies when relevant conduct is not involved. When Tovar's aggregate sentence was reduced in August 2015 from 90 months to 70 months, Judge Clark continued to impose terms that were partially consecutive and partially concurrent with his Pennsylvania sentence, which was subsequently reduced from 200 to 163 months.

B.      Jurisdictional Basis for Motion

The Government contends in its response that Tovar has identified no jurisdictional basis on which the court may rely to entertain his motion to correct sentence, which was imposed in 2012. The Government asserts that Tovar's motion does not fall into any of the recognized categories of post-conviction motions and is not authorized by any statute, leaving the court without jurisdiction to entertain it. *See United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020) (noting that "absent jurisdiction conferred by statute, district courts lack power to consider claims"). Indeed, Tovar's arguments, in large part, constitute nothing more than an attempt to revisit determinations made long ago at sentencing. Although Tovar filed objections to the PSR addressing his relevant conduct assertions, these objections were either withdrawn by counsel or overruled by the trial court at the sentencing hearing and were not raised on appeal. After his conviction and sentence were affirmed on appeal, he did not file a motion for habeas corpus relief under 28 U.S.C. § 2255 in order to advance his relevant conduct argument, and the time for doing so has long passed. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). Moreover, in his

7

motion, Tovar does not allege that extraordinary and compelling reasons warrant a sentence reduction under 18 U.S.C. § 3582(c)(1) or that he was sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 18 U.S.C. § 3582(c)(2). In addition, he does not rely upon Rule 35(a) of the Federal Rules of Criminal Procedure to seek the correction of an arithmetical, technical, or other clear error in his sentence brought within 14 days of its imposition, nor does he move for a sentence reduction under Rule 35(b) based on the provision of substantial assistance to the Government. Instead, Tovar seeks to rely on Rule 36 of the Federal Rules of Criminal Procedure, claiming that the trial court's rejection of his argument that his Pennsylvania cocaine-trafficking activities in 2009 for which he was convicted in 2011 in the Eastern District of Pennsylvania were relevant conduct to his 2012 conviction in the Eastern District of Texas for possession with intent to distribute marijuana, interstate travel in aid of racketeering activities, and possession of an unregistered firearm constituted a clerical error in the judgment.

Rule 36 of the Federal Rules of Criminal Procedure states that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36; *see United States v. Willis*, 76 F.4th 467, 472 (5th Cir. 2023). "[T]he purpose of Rule 36 is 'only to correct mindless and mechanistic mistakes.'" *United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020) (quoting *United States v. Ramirez-Gonzalez*, 840 F.3d 240, 247 (5th Cir. 2016)), *cert. denied*, 141 S. Ct. 1715 (2021); *accord United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014); *United States v. Phillips*, No. 13-286, 2022 WL 17415077, at *2 (E.D. La. Dec. 5, 2022). "A clerical error occurs when the court intends to do

one thing, but through clerical mistake or oversight does another." *United States v. Hathorn*, 551 F. App'x 227, 227 (5th Cir. 2014) (citing *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008)).  "'Where the record makes it clear that an issue was actually litigated and decided but was incorrectly recorded in or inadvertently omitted from the judgment, the district court can correct the judgment under' Rule 36." *Cooper*, 979 F.3d at 1089 (quoting *Ramirez-Gonzalez*, 840 F.3d at 247).  "Rule 36 does not cover deliberate drafting choices." *Id.*; *Ramirez-Gonzalez*, 840 F.3d at 247.

Similarly, "Rule 36 does not encompass sentence modifications." *Willis*, 76 F.4th at 472 (quoting *United States v. Lopez*, 26 F.3d 512, 515 n.5 (5th Cir. 1994)).  Hence, Rule 36 may not be used to make a substantive alteration to a criminal sentence. *See United States v. Illies*, 805 F.3d 607, 610 (5th Cir. 2015); *United States v. Spencer*, 513 F.3d 490, 492 (5th Cir. 2008); *Phillips*, 2022 WL 17415077, at *2.  Rule 36 "is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correct[ion] of 'errors made by the court itself.'" *Phillips*, 2022 WL 17415077, at *2 (quoting *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995)); *accord United States v. Daddino*, 5 F.3d 262, 264 (7th Cir. 1993); *United States v. Middleton*, No. 6:16-56-s-9, 2022 WL 15089909, at *2 (S.D. Tex. Oct. 25, 2022).  "Rule 36 may not be used to alter final judgments to conform to intended consequences regarding prior custody credits." *Middleton*, 2022 WL 15089909, at *2 (citing *Werber*, 51 F.3d at 343).  "Indeed, '[c]ourts have consistently rejected attempts to invoke Rule 36 as a *post hoc* justification to shorten a sentence under U.S.S.G. § 5G1.3 or § 5K2.23." *Middleton*, 2022 WL 15089909, at *2.

Thus, Rule 36 is an "appropriate vehicle for changes that do not substantively alter the orally announced sentence but instead correct errors in the written judgment." *Illies*, 805 F.3d

9

at 610 (citing *Spencer*, 513 F.3d at 491-92); *accord United States v. Bernardez-Avila*, 613 F. App'x 440, 440 (5th Cir. 2015). "If the in-court pronouncement differs from the judgment that later issues, what the judge said at sentencing controls." *United States v. Diggles*, 957 F.3d 551, 557 (5th Cir.) (citing *United States v. Kindrick*, 576 F.2d 675, 676-77 n.1 (5th Cir. 1978)), *cert. denied*, 141 S. Ct. 825 (2020); *accord United States v. Harris*, 960 F.3d 689, 696 (5th Cir. 2020); *see United States v. Brock*, 797 F. App'x 179, 180 (5th Cir. 2020) (quoting *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001)); *United States v. Ivy*, 735 F. App'x 151, 151 (5th Cir. 2018). In contrast, when the written judgment accurately reflects the court's oral pronouncement at sentencing, however, the court has no authority to correct the defendant's sentence pursuant to Federal Rule of Criminal Procedure 36. *Middleton*, 2022 WL 15089909, at *2 (citing *United States v. Castro*, No. C-99-289, 2011 WL 2412902, at *2 (S.D. Tex. June 15, 2011)); *see United States v. Roth*, 359 F. App'x 453, 454-55 (5th Cir. 2009) (denying motion under Rule 36 where the judgment is consistent with the court's verbal explanation of the sentence and does not contradict anything that the judge said at the sentencing hearing).

In this instance, Tovar has not shown the existence of a clerical error in his judgment of conviction arising from oversight or omission. Instead, the record reflects that Judge Clark carefully considered the arguments of counsel during the lengthy sentencing hearing and rejected Tovar's argument that the acts encompassed within the Pennsylvania conviction constituted relevant conduct with his conviction in the case at bar that would require concurrent sentences. Rather, he used his discretion and carefully crafted a sentence in the present case that ran partially consecutively and partially concurrently with his Pennsylvania sentence pursuant to U.S.S.G. § 5G1.3(d). The judgment accurately reflects the sentence Judge Clark announced at the

sentencing hearing. Tovar has not shown that "the court intended one thing but by mere[ ] clerical mistake or oversight did another." *Buendia-Rangel*, 553 F.3d at 379 (quoting *United States v. Steen*, 55 F.3d 1022, 1025-26 n.3 (5th Cir.), *cert. denied*, 516 U.S. 1015 (1995)). Therefore, there is no "clerical error" in the judgment warranting correction, and the court has no authority under Rule 36 of the Federal Rules of Criminal Procedure to alter Tovar's judgment to impose concurrent sentences.

It has long been recognized that "the principle of finality . . . is essential to the operation of our criminal justice system." *Teague v. Lane*, 489 U.S. 288, 309 (1989). Indeed, as the Supreme Court has observed, "a final judgment commands respect." *United States v. Frady*, 456 U.S. 152, 165 (1982). "Once the defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted." *Id*. at 164. In this situation, Tovar cannot now rely on Rule 36 to avoid the finality of his judgment of conviction and sentence, which was imposed almost twelve years ago.

III. Conclusion

Consistent with the foregoing analysis, Tovar's Motion to Correct Sentence (#63) is DENIED. In the alternative, his motion is DISMISSED for lack of jurisdiction.

SIGNED at Beaumont, Texas, this 13th day of March, 2024.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE